SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------X   State Index no.617661/2025
**JOHN COHEN, III**                          **(Edny#** 2:25-cv-04992-SJB-AYS**)**
an infant under the age of eighteen
years, by his father and natural
guardian, JOHN A. COHEN, and
Christiane E. Cohen, his mother and
natural guardian, in their
representative and individual
capacities,

                        **Plaintiffs/claimants,**     AMENDED
                                                                               VERIFIED COMPLAINT
                                                                                (For remand)

   - against -

**COLD SPRING HARBOR
SCHOOL DISTRICT,
75 Goose Hill Road
Cold Spring Harbor, NY 11724
AND JOHN DOE DEFENDANTS 1-
5**

                                    **Defendants,**
-----------------------------------------X

      Plaintiffs**,**  by their attorneys, **LAW OFFICES OF MARK A, BILLHIMER**, complaining of the Defendants, alleges as follows:

PARTIES

1.     Plaintiff John Cohen, III ("Jack Cohen") is an infant under the age of eighteen, residing at 277 Piping Rock Road, Locust Valley, NY 11560. His date of birth is October 24, 2008.

2.     Plaintiffs John A. Cohen and Christiane Cohen are the natural guardians and parents of Jack Cohen and bring this action in their representative and individual capacities.

3.     Defendant Cold Spring Harbor Central School District ("District" or "Defendant")

is a public school district organized and existing under the laws of the State of New York, with its principal offices located at 75 Goose Hill Road, Cold Spring Harbor, New York 11724.

4. Defendants John Doe 1-5 are individuals whose identities are presently unknown to Plaintiffs but who were, at all relevant times, employees, agents, and/or representatives of the District and who participated in, directed, or failed to prevent the acts and omissions described herein.

_____

JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to the Constitution and laws of the State of New York.

6. Venue is proper in Nassau County pursuant to CPLR § 503 because the plaintiffs reside in said county and this action is brought in Supreme Court as the amount sought for damages is greater than jurisdictional limits of the lower courts of New York.

7. That this action is being commenced within one(1) year and ninety days after the causes of action accrued, and a timely Notice of Claim was duly served on Defendant within 90 days of occurrence in accordance with General Municipal Law §§ 50-e and 50-I, together with an amended notice of claim adding Christiane E. Cohen as plaintiff, and more than thirty (30) days have elapsed since its service without adjustment or payment thereof, and 50H depositions were held and conducted of all three plaintiffs by the defendant's counsel.

FACTUAL ALLEGATIONS

8. On or about May 21, 2024, Defendant District, through its employees and agents, negligently allowed an atmosphere and culture of harassment, bullying, cyberbullying, and fighting to exist among students, including Plaintiff Jack Cohen.

9. Prior to the incident, school officials and security personnel were specifically advised that a fight was planned between Jack Cohen and another student.

10. Despite such knowledge, Defendants failed to:

a. Send the involved students home;

b. Separate the students;

c. Provide adequate security;

d. keep Jack Cohen on the school bus from the onset; and

e. Otherwise prevent the altercation.

11. As a direct result of Defendants' inaction, Jack Cohen was physically assaulted, sustaining severe personal injuries, including but not limited to a concussion, headaches, bruising, torn tendons and/or ligaments, and associated nerve and muscle damage as he was nearly choked to death by another student while other students watched and encouraged the behavior.

12. Between May 21, 2024 and May 29, 2024, bullying and harassment continued, culminating in a second fight on or about May 31, 2024, which Defendants again failed to prevent despite knowing the students were not allowed to be in the same area.

13. This second altercation was completely and wholly avoidable as defendant was repeatedly warned through parental communications, 504 meetings, and prior incident reports to keep the other student, a known aggressor and bully, separated from Jack

Cohen, yet defendant failed to implement or enforce required safeguards.

14. Defendants' conduct also resulted in Jack Cohen's wrongful suspensions, academic harm, emotional distress, and deprivation of educational services, including violations of applicable state disability laws, the Dignity for All Students Act (DASA), and school policies.

15. Defendants failed to provide prompt and adequate medical care, timely and adequate notice of events, engaged in unlawful seizure of Jack Cohen's personal property (cell phone), interrogated him without parental consent, and otherwise violated his and his parents' civil and educational rights and state laws, <u>infra</u>.

16. On another occasion to set more context, Defendant's own gym teacher also engaged in unprofessional bullying conduct on at least on one occasion wherein the minor student's gym teacher acted in reckless disregard of Jack Cohen's rights by hiding his uniform in his very own work desk and then verbally abused him about it.

17. Defendants knew of and tolerated a "culture of violence" at the high school, including the recording and online posting of student fights, further exacerbating Plaintiffs' injuries and humiliation.

18. The School District then failed to provide timely and adequate tutoring following suspensions for each of the May 21 and May 31, 2024 assaults thereby allowing student plaintiff to fall further behind in his study curriculum.

19. As a result of Defendants' negligence and misconduct, Jack Cohen and his parents suffered severe and permanent damages, including physical injuries, emotional distress, defamation, invasion of privacy, and economic losses.

FIRST CAUSE OF ACTION

(Negligence and Gross Negligence)

20. Plaintiffs repeat and reallege paragraphs 1 through 19 as if fully set forth herein.

21. Defendants owed Plaintiffs a legal duty to maintain a safe and secure educational environment, to protect students from foreseeable harm, and to comply with applicable laws, regulations, and school policies.

22. Defendants breached those duties through the acts and omissions described herein.

23. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiffs sustained damages in an amount to be determined at trial, but believed to be no less than Thirty Million Dollars ($30,000,000).

SECOND CAUSE OF ACTION

(Violation of New York Civil Rights and Education Laws)

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

25. Defendants, acting under color of state law, deprived Plaintiffs of rights secured by the New York State Constitution, and state statutes and violated New York State civil rights and education laws, including but not limited to:

a. The right to due process of law;

b. The right to equal protection; and

c. DASA Laws, Education Law §§ 10–18 in that the school district failed to comply with DASA, including but not limited to, reporting, intervention, and anti-bullying obligations;

d. the school's statutory duty to provide a safe learning environment including but not

limited to, Educ. Law sect 313;

e. NYS Human Rights Law, Executive Law, Article 15, §§ 290 to 301); and

f. New York Education Law § 3214 in that plaintiff was not afforded any due process and not even allowed to question witnesses or review videos which were allegedly relied on in imposing the aforesaid suspension for the May 31st incident all occurring without adequate notice, without a meaningful opportunity for the student or his parents to be heard;

g. violations of percussion protocols, Education Law § 305(42) and 8 NYCRR § 136.5; and

h. Failure to Provide Required Tutoring under Education Law § 3214(3)(e) and 8 NYCRR § 100.2(l)(4).

26. Defendants' actions were intentional, reckless, and/or in deliberate indifference to Plaintiffs' rights and as a direct and proximate result thereof, Plaintiffs sustained damages in an amount to be determined at trial, but believed to be no less than Thirty Million Dollars ($30,000,000).

THIRD CAUSE OF ACTION

(Defamation and Invasion of Privacy)

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as if fully set forth herein.

28. Defendants, by allowing the circulation of false, fabricated, and private information about Plaintiffs on social media and within the community, committed defamation per se and invaded Plaintiffs' privacy.

29. This defamation and cyberbullying of a minor is unlawful dissemination of false

statements and images in violation of DASA and District Policy 7550–7553.

30. And as a direct and proximate result thereof, Plaintiffs sustained damages in an amount to be determined at trial, but believed to be no less than Thirty Million Dollars ($30,000,000).

FOURTH CAUSE OF ACTION – BREACH OF IMPLIED CONTRACT

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if fully set forth herein.

32. Defendant District, by accepting public funds, student enrollment, and parental participation, impliedly contracted with plaintiffs to provide a reasonably safe educational environment and to adhere to state statutes and policies.

33. Plaintiffs, as intended beneficiaries, reasonably relied on this implied promise which Defendant breached by permitting foreseeable violence, failing to follow policies, and disregarding mandatory safety obligations.

34. And as a direct and proximate result thereof, Plaintiffs sustained damages in an amount to be determined at trial, but believed to be no less than Thirty Million Dollars ($30,000,000).

FIFTH CAUSE OF ACTION – BREACH OF DEFENDANTS OWN SCHOOL POLICIES HANDBOOKS AND PROCEDURES

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if fully set forth herein.

36. Defendant District also specifically implemented and published its own agreements to students and parents, containing school policy, procedures and regulations, to which plaintiffs were a party to, or to which plaintiffs were a party by implication, or otherwise a

direct third-party thereto.

37. That this agreement specifically provides that the defendant school would abide by all applicable laws, which were violated as alleged, and provide a reasonably safe educational environment for students and adhere to state statutes and policies.

38. Plaintiffs, as intended beneficiaries, reasonably relied on these express written promises.

39. Defendant breached their own policies by permitting the afore-stated foreseeable violence, bullying and failure to follow the laws, it expressly agreed to, in addition to blatantly disregarding mandatory safety obligations for its students including plaintiff.

40. And as a direct and proximate result thereof, Plaintiffs sustained damages in an amount to be determined at trial, but believed to be no less than Thirty Million Dollars ($30,000,000).

SIXTH CAUSE OF ACTION-EMOTIONAL DISTRESS

41. Plaintiffs repeat and reallege paragraphs 1 through 40 as if fully set forth herein.

42. The defendant breached the aforesaid duties of care owed to the plaintiff student and failed to keep the student safe, and thereby unreasonably endangered his physical safety and/or caused him to fear for his own safety.

43. The plaintiff suffered an extreme emotional injury with a corresponding physical manifestation, including emotional distress, intrusive thoughts, hyper-vigilance, nightmares, sleep disturbances and academic decline which are all documented by Dr. Anuja Gupta, Ph.D., licensed clinical psychologist and treating physician.

44. The defendant school district and its agents therefore committed the tort of negligent infliction of emotional distress upon the student plaintiff.

45. And as a direct and proximate result thereof, Plaintiffs sustained damages in an amount to be determined at trial, but believed to be no less than Thirty Million Dollars ($30,000,000).

SEVENTH CAUSE OF ACTION

(Attorneys' Fees Under New York State Law)

46. Plaintiffs repeat and reallege paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to applicable provisions of New York State law, including but not limited to the New York Civil Practice Law and Rules, the General Municipal Law, and any other applicable statutory provisions permitting recovery of attorneys' fees in actions involving violations of civil rights, statutory duties, and/or bad faith conduct, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in prosecuting this action.

48. Defendants' conduct as alleged herein was willful, wanton, malicious, and in reckless disregard of Plaintiffs' statutory and constitutional rights, thereby justifying an award of attorneys' fees and costs to Plaintiffs.

DAMAGES

49. As a direct and proximate result of the foregoing, Plaintiffs were forced to relocate their residence from Lloyd Harbor in Suffolk County, NY to Nassau County, NY, so John Cohen, III could attend another school district for safety, educational continuity and avoidance of irreparable harm, and have otherwise suffered:

a. Physical injury;

b. Emotional distress, concussion, PTSD, and anxiety exacerbation.;

c. Reputational harm;

d. Educational and economic losses; and

e. Other damages to be proven at trial including the cost of moving from Suffolk County to Nassau County, NY.

50. Wherefore, Plaintiffs demand judgment against Defendants on the first through sixth causes of action for compensatory damages in the sum of Thirty Million Dollars ($30,000,000) for each such cause of action, together with an additional award for punitive damages in the amount of $30,000,000 on the first and second and sixth causes of action, together with interest, costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

**Dated: Farmingdale, New York**
**OCTOBER 16, 2025**

                                            **Yours, etc.,**

                                            **S/**
                                            **Mark A. Billhimer, Esq.**

                                            **Law Offices of**
                                            **Mark A. Billhimer**
                                            **Attorney for Plaintiffs**
                                            **58 Colonial Drive**
                                            **Farmingdale, NY 11735**
                                            **516-810-7569**
                                **fax**    **516-249-3354**
                                     **Email mark@mynewyorklawyer.com**

SUPREME COURT OF THE STATE OF NEW YORK   Date purchased:
COUNTY OF NASSAU
----------------------------------------X
JOHN COHEN, III
an infant under the age of eighteen            Index No.
years, by his father and natural
guardian, JOHN A. COHEN, and
Christiane E. Cohen, his mother and
natural guardian, in their
representative and individual
capacities,

                Plaintiffs/claimants,

                                              **VERIFIED COMPLAINT**

    - against -

COLD SPRING HARBOR
SCHOOL DISTRICT,
75 Goose Hill Road
Cold Spring Harbor, NY 11724
AND JOHN DOE DEFENDANTS 1-5

                Defendants,
----------------------------------------X

**LITIGATION BACK AND PART 130 CERTIFICATION**

                                            **S/**
                                            Yours etc.,
                                            Law Offices of
                                            Mark A. Billhimer, Esq.
                                            Attorney for Plaintiff
                                            58 Colonial Drive
                                            Farmingdale, NY 11735
                                            516-810-7569
                           Fax   516-249-3354
                         Email   Mark@mynewyorklawyer.com

# VERIFICATION

STATE OF NEW YORK )
                           : ss.:
COUNTY OF NASSAU )

    John A. Cohen, being duly sworn, deposes and says, that deponent is a plaintiff in the within action; that deponent has read the foregoing Amended Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

_____
John A. Cohen

Sworn to before me on this
16th day of October, 2025

_____
NOTARY PUBLIC

Mark A. Billhimer
Notary Public State of NY
Qualified in Suffolk County
Reg No. 5003245
Expires 10-19-26